## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## OWENSBORO DIVISION

**LOGAN L. COUCH**                                                                          **PLAINTIFF**

**v.**                                            **CIVIL ACTION NO. 4:20-CV-P199-JHM**

**BRANDON BROOKS** *et al.*                                                 **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This is a *pro se* civil-rights action brought by a pretrial detainee pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff Logan L. Couch leave to proceed *in forma pauperis*. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss some claims but allow others to proceed.

### I. SUMMARY OF COMPLAINT

Plaintiff is incarcerated at the Grayson County Detention Center (GCDC). He brings suit against the following GCDC officials in both their official and individual capacities - Captain Brandon Brooks; Deputy Officer Bobby Oldham; Captain Jennifer Johnson; Deputy Dotson; "Captain John Doe"; "Deputy Captain John Doe"; Nurse Desiree Walton; and Nurse Krystal.

In an attachment to the complaint (DN 1-1), Plaintiff makes the following allegations:

> At appx 1:20 p.m. on 11/9/2020, [Defendant] Brooks (J-94) approached the door of Grey Cell 298 in the [GCDC] . . . and instructed all offenders, while pointing his jail issued taser gun, to sit down. [Defendant] Brooks then entered Grey Cell 298 and began aggressively yanking, with excessive force, on the television cords causing the cords to break from their connections. [Defendant] Brooks then grabbed a hotpot (a electrical device with a cylander pitcher attached used for boiling water) and threw it, in anger, hitting [another inmate]. The hotpot was full of boiling water and the contents of the pitch all landed on [me and the other inmate] and [my] legal documents used for fighting [my] ongoing Federal case. Due to COVID-19, [I am] currently unable to re-obtain these documents thus cannot properly defend his self on the matter. . . . [I] suffered 3rd degree burns on the right arm. [Defendant] Brooks continued to scream insults and point his taser gun at inmates. While [Defendant] Brooks continued his angry tyraid other Officers remained at the door of Grey Cell 298. It was later discovered that names of these

other Officers were [Defendants] Oldham (J-54), Deputy Dotson (J-96), and Deputy Captain John Doe, who refused to give his name or badge number. [The other inmate] was then taken to be seen by medical. [I] was initially ignored of [my] injuries, after informing and trying several times to show the Officers [my] burn injuries. At approx. 1:30 p.m. [Defendant] Captain Jennifer Johnson (J-91) approached Grey Cell 298 followed by [Defendants] Officers Oldham, Brandon Brooks, John Doe, and Deputy Dotson. [Defendant] Dotson shouted several insults and was extremely disrespectful while the Officers removed the television that [Defendant] Brooks had broke off the connections so the television no longer worked. [I] was again ignored regarding [my] injuries by the officers. At appx 2:15 p.m. [Defendant] Dotson (J-96) was at the door of Grey Cell 298 with a trashbag for the cell when [I] was able to finally get the attention of [Defendant] Dotson, show him once again the burn injury and hand him a medical request form. At appx 2:40 pm [Defendant] Oldham (J-54) escorted [me] to medical care where [I] was seen by [Defendant] Nurse Desiree Walton (J-15) regarding the medical request form. [Defendant] Walton (J-15) applied burn ointment and applied a bandage to the burn. [I] was then escorted back to Grey Cell 298 by [Defendant] Oldham (J-54). . . .

Based upon these allegations, Plaintiff claims that every Defendant violated his rights under the First, Fifth, Eighth, and Fourteenth Amendments. He also asserts state-law claims against Defendant Brooks.

As relief, Plaintiff seeks damages.

## II. LEGAL STANDARD

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

**A. 42 U.S.C. § 1983 Claims**

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and

3

laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### 1. Official-Capacity Claims

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 691 n.55 (1978)). Thus, Plaintiff's official-capacity claims against Defendants are actually against their employer, which is ostensibly Grayson County. When a § 1983 claim is made against a municipality, the Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell v. Dep't of Soc. Servs.*, 436 U.S. at 691.

Here, the complaint and its attachments contain no allegations suggesting that any harm Plaintiff suffered was the result of a custom or policy implemented or endorsed by Grayson County. Thus, the Court will dismiss Plaintiff's official-capacity claims for failure to state a claim upon which relief may be granted.

### 2. Individual-Capacity Claims

#### a. First Amendment Claims

In the complaint, Plaintiff repeatedly asserts that Defendants have violated his rights under the First Amendment. The only First Amendment claim the Court can discern based upon

Plaintiff's allegations is one for denial of access to the courts based upon his statement that water spilled on his "documents used for fighting [my] ongoing Federal case" and that "due to COVID-19, [I am] currently unable to re-obtain these documents thus cannot properly defend [] self on the matter."

It is well established that prisoners have a constitutional right of access to the courts that includes access to legal resources and materials. *See Bounds v. Smith*, 430 U.S. 817, 821 (1977). However, this right is not without limit, and to state a claim for interference with access to the courts, a plaintiff must show "actual injury." *Lewis v. Casey*, 518 U.S. 343, 349 (1996); *see also Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1999). In other words, a plaintiff must plead and demonstrate that the shortcomings in the prison legal assistance program or lack of legal materials have hindered, or are presently hindering, his efforts to pursue a non-frivolous legal claim. *Lewis*, 518 U.S. at 351-53; *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). "Examples of actual prejudice to pending or contemplated litigation include having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline." *Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005). In addition, the Supreme Court has held that "the underlying cause of action . . . is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (citing *Lewis*, 518 U.S. at 353 n.3). "Like any other element of an access claim, the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." *Id*. at 416.

The Court finds Plaintiff's statement that he is unable to defend himself in his "federal case" because hot water spilled on his legal documents is too vague to establish that Plaintiff

actually suffered a legal injury. Because Plaintiff has failed to establish this element of a claim for denial of access to the courts, the Court will dismiss Plaintiff's First Amendment claims for failure to state a claim upon which relief may be granted.

### b. Fifth Amendment Claims

Although Plaintiff repeatedly asserts that Defendants have violated his rights under the Fifth Amendment, the Court can discern no such claim based upon Plaintiff's allegations. Thus, the Court will dismiss these claims for failure to state a claim upon which relief may be granted.

### c. Eighth Amendment Claims

While the Eighth Amendment provides a convicted prisoner the right to be free from cruel and unusual punishment, it is the Due Process Clause of the Fourteenth Amendment that provides the same protections to pretrial detainees. *Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018) (citing *Richko v. Wayne Cty.*, 819 F.3d 907, 915 (6th Cir. 2016)). Thus, because Plaintiff is pretrial detainee, the Court will dismiss his Eighth Amendment claims for failure to state a claim upon which relief may be granted.

### d. Fourteenth Amendment Claims

#### i. Excessive Force

Upon review of Plaintiff's allegations, the Court will allow a Fourteenth Amendment excessive-force claim to proceed against Defendant Brooks in his individual capacity.

#### ii. Failure to Intervene

Upon review of Plaintiff's allegations, the Court will also allow Fourteenth Amendment claims for failure to intervene in the excessive-force incident to proceed against Defendants Oldham, Dotson, and "Deputy Captain John Doe."

6

### iii. Deliberate Indifference to a Serious Medical Need

The Court next to turns to Plaintiff's claims regarding his medical care. The Eighth Amendment[1] is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001). A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer,* 511 U.S. at 834. To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Turner v. City of Taylor*, 412 F.3d 629, 646 (6th Cir. 2005). The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 899 (6th Cir. 2004).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). Deliberate indifference "entails something more than mere negligence," but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 835. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837.

The Court will assume for purposes of this initial review that Plaintiff's alleged third-

---

[1] At this time, the only explicit exception in the Sixth Circuit to the general rule that rights under the Eighth Amendment are co-extensive with rights under the Fourteenth Amendment pertains to excessive-force claims brought by pretrial detainees. . a Id t 938 n.3 (recognizing that *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015), abrogated the subjective intent requirement for Fourteenth Amendment excessive-force claims and that the standard which governs pretrial detainee claims may be shifting, but declining to apply the *Kingsley* standard to a pretrial detainee claim of deliberate indifference to a serious medical need). Therefore, the Court Therefore, the Court will apply the Eighth Amendment standard to Plaintiff's claims for deliberate indifference to his serious medical need.

degree burn constitutes a sufficiently serious medical need to satisfy the objective component of his claim. However, Plaintiff's allegations do not establish that any Defendant was deliberately indifferent to this medical need. Plaintiff's alleges that Defendants Brooks, Oldham, Dotson, Johnson, and "Captain John Doe" refused to immediately tend to his injury. However, according to Plaintiff, he received medical treatment within one hour and twenty minutes of his injury and he does allege that the delay caused him any detrimental effect. *See Loukas v. Gundy*, 70 F. App'x 245 (6th Cir. 2003) (affirming dismissal of claim on initial review where plaintiff "[did] not allege or show that he suffered any detrimental effect from the delay in treatment").

As to Defendant Nurse Walton, Plaintiff's allegation against her is that she applied burn ointment and a bandage to his burn. This allegation shows that she provided Defendant prompt medical care and does not indicate that the care provided by Defendant Walton was knowingly inadequate in any way. Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments. *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976); *see also Hall v. Tyszkiewicz*, 28 F. App'x 493, 495 (6th Cir. 2002) ("Hall's disagreement with the defendants' medical judgment concerning the proper medication and medical aids for his condition does not evidence deliberate indifference.").

For these reasons, the Court will dismiss Plaintiff's claims for deliberate indifference to a serious medical need for failure to state a claim upon which relief may be granted.

### e. "Aiding and Abetting" Claims

Plaintiff seeks to hold several Defendants liable for the violation of his constitutional right because they "aided and abetted" other Defendants in the alleged violation of these rights. However, as another district court in this Circuit has explained:

8

> There is no civil aiding and abetting liability under 42 U.S.C. § 1983. The plain text of 42 U.S.C. § 1983 does not provide for aiding and abetting liability. Congress knows how to impose aiding and abetting liability when it chooses to do so. *Central Bank of Denver, N.A. v. First Interstate Bank of Denver*, *N.A.*, 511 U.S. 164, 176-77 (1994). If Congress intended to create and provide for aiding and abetting liability in 42 U.S.C. § 1983, it would have used or included the words "aid" and "abet" in § 1983, but Congress did not do so. *Cf. Central Bank of Denver*, 511 U.S. at 177.

*Theriot v. Woods*, No. 2:09-cv-199, 2010 U.S. Dist. LEXIS 14253, at *18-19 (W.D. Mich. Feb. 18, 2010); *see also McDonough v. Toles*, No. 19-CV-2238 (PJS/TNL), 2020 U.S. Dist. LEXIS 138608, at *36 n.8 (D.C. Minn. Aug. 4, 2020) (recognizing no aiding-and-abetting liability under § 1983).

### f. Defendant Nurse Krystal

As with the other Defendants, Plaintiff asserts claims against Defendant Krystal under the First, Fifth, Eighth, and Fourteenth Amendments. Plaintiff, however, makes no specific allegations against her. Thus, the Court will dismiss Plaintiff's claims against her for failure to state a claim upon which relief may be granted. *See, e.g*, *LeMasters v. Fabian,* No. 09-702 DSD/AJB, 2009 U.S. Dist. LEXIS 53016, at *5 (D. Minn. May 18, 2009) ("To state an actionable civil rights claim against a government official or entity, a complaint must include specific *factual* allegations showing how that particular party's own personal acts or omissions directly caused a violation of the plaintiff's constitutional rights.") (emphasis added) (citation omitted).

### B. State-Law Claims

<u>Based upon Plaintiff's allegations, the Court will allow the asserted state-law claims of assault and negligence to proceed against Defendant Brooks.</u>

9

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's First, Fifth, and Eighth Amendment claims, his Fourteenth Amendment claims for deliberate indifference to a serious medical need, and his claims for "aiding and abetting" are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

Because no claims are proceeding against them, **the Clerk of Court is DIRECTED to terminate Defendants Johnson, "Captain John Doe," Nurse Walton, and Nurse Krystal as parties to this action.**

The Court is allowing the following claims to proceed in this action: a Fourteenth Amendment excessive-force claim against Defendant Brooks in his individual capacity; Fourteenth Amendment claims for failure to intervene in the excessive-force incident against Defendants Oldham, Dotson, and "Deputy Captain John Doe" in their individual capacities; and state-law claims of assault and negligence against Defendant Brooks. In allowing these claims to proceed, the Court passes no judgment upon their merit or upon the ultimate outcome of this action.

The Court will enter a separate Service and Scheduling Order to govern the claims it has allowed to proceed.

Date: January 25, 2021

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
     Defendants
     Grayson County Attorney
4414.011